PFE/DSM: Sept 2023
GJ #23

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>SOUTHERN DIVISION</u>

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| HAKEEM ISAIAH LEWIS, ) | Case No. |
| and, ) | |
| KEEMARE DAJHONE MOXEY, ) | |
| Defendants. ) | |

## <u>INDICTMENT</u>

## <u>INTRODUCTION</u>

The Grand Jury charges that:

At all times material to this Indictment:

1.      United States Postal Service "Arrow Keys" are unique numbered keys that are used solely by the United States Postal Service to open collection boxes, apartment complex boxes, and other mail receptacles.

2.      Defendants **HAKEEM ISAIAH LEWIS** and **KEEMARE DAJHONE MOXEY** were not employees of the United States Postal Service.

**COUNT ONE:** **[18 U.S.C. § 371]**

The Grand Jury charges that:

3. The Grand Jury realleges and incorporates by reference those matters set forth in the Introduction section of this Indictment as though fully stated herein.

4. On or about the 10th day of December 2022, in Jefferson County, within the Northern District of Alabama, and elsewhere, the defendants,

**HAKEEM ISAIAH LEWIS, and
KEEMARE DAJHONE MOXEY**,

knowingly and unlawfully combined, conspired, confederated, and agreed with each other to commit offenses against the United States, that is,

  a. to knowingly and unlawfully possess a key suited to any lock adopted by the Postal Service and in use on any lock adopted by the Postal Service and in use on any authorized receptacle for the deposit of mail matter with the intent unlawfully and improperly to use the same, in violation of Title 18, United States Code, Section 1704;

  b. to unlawfully steal and take mail matter from and out of a letter box, mail receptacle, and authorized depository for mail matter, in violation of Title 18, United States Code, Section 1708; and

c. to unlawfully receive and possess mail matter, which had been stolen, taken, embezzled, and abstracted from a post office, letter box, and mail receptacle, which was an authorized depository for mail matter, knowing the said mail matter to have been stolen, taken, embezzled and abstracted from an authorized depository for mail matter, in violation of Title 18, United States Code, Section 1708.

## OBJECT OF THE CONSPIRACY

5. It was the object of the conspiracy for **LEWIS** and **MOXEY** to unlawfully possess and use a Postal Service key to unlawfully access an authorized depository for mail matter.

6. It was a further goal of the conspiracy to unlawfully steal, receive, and possess stolen mail matter, knowing it to be the same.

## OVERT ACTS

7. In furtherance of the conspiracy, and to accomplish the objects thereof, **LEWIS** and **MOXEY** committed and caused to be committed, in the Northern District of Alabama, the following overt acts, among others, which occurred on or about December 10, 2022:

   a) **LEWIS** and **MOXEY** traveled into the Northern District of Alabama from Georgia in a silver Honda.

b) **LEWIS** drove **MOXEY** and **LEWIS** to the United States Post Office located on Riverchase Drive in Hoover, Alabama.

c) **LEWIS** parked at the backside of the United States Postal Service blue collection boxes.

d) **LEWIS** got out of the car and walked to the backside of one of the blue collection boxes.

e) **LEWIS** attempted to open a blue collection box using a USPS Arrow Key.

f) **MOXEY** emerged from the passenger seat of the vehicle.

g) **MOXEY** stood next to **LEWIS** holding open a bag to receive stolen mail matter.

h) **LEWIS** and **MOXEY** attempted to remove mail matter from a blue collection box.

i) **LEWIS** and **MOXEY** attempted to remove a United States Postal Service Arrow Key from a blue collection box.

j) **LEWIS** and **MOXEY** reentered the Honda with stolen mail matter.

k) **LEWIS** and **MOXEY** fled from law enforcement while in possession of stolen mail matter.

All in violation of Title 18, United States Code, Section 371.

**COUNT TWO:  [18 U.S.C. §§ 1704 and 2]**

8. Paragraphs 1 through 7 are incorporated by reference and realleged herein.

9. On or about the 10th day of December 2022, in Jefferson County, within the Northern District of Alabama, the defendants,

**HAKEEM ISAIAH LEWIS, and
KEEMARE DAJHONE MOXEY**,

aided and abetted by each other, did knowingly and unlawfully possess a key suited to any lock adopted by the Postal Service and in use on any authorized receptacle for the deposit or delivery of mail matter with the intent unlawfully or improperly to use the same, in violation of Title 18, United States Code, Sections 1704 and 2.

**COUNT THREE:  [18 U.S.C. §§ 1708 and 2]**

10. Paragraphs 1 through 7 are incorporated by reference and realleged herein.

11. On or about the 10th day of December 2022, in Jefferson County, within the Northern District of Alabama, the defendants,

**HAKEEM ISAIAH LEWIS, and
KEEMARE DAJHONE MOXEY**,

aided and abetted by each other, did unlawfully have in their possession mail matter, which had been stolen, taken, embezzled and abstracted from a post office, letter

box, and mail receptacle, which was an authorized depository for mail matter, knowing the said mail matter to have been stolen, taken, embezzled and abstracted from an authorized depository for mail matter, in violation of Title 18, United States Code, Sections 1708 and 2.

## NOTICE OF FORFEITURE
### 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

1. The allegations contained in Counts One and Three of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of the offenses charged in Counts One and Three of this Indictment, the defendants,

**HAKEEM ISAIAH LEWIS, and
KEEMARE DAJHONE MOXEY**,

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, including, but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

1. If any of the property described above, as a result of any act or omission of the defendant:

   a.  cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third party;

  c.  has been placed beyond the jurisdiction of the court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

A TRUE BILL

*/s/ electronic signature*
FOREPERSON OF THE GRAND JURY

              PRIM F. ESCALONA
              United States Attorney

              */s/ electronic signature*
              DANIEL S. MCBRAYER
              Assistant United States Attorney